**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REFUGIO PAYAN-MORALES,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72898<br><br>Agency No. A095-183-484<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Refugio Payan-Morales, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order sustaining the government's

appeal from an immigration judge's ("IJ") decision granting her application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Contrary to Payan-Morales' contention, the BIA used the proper standard in its hardship determination. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008) (agency must conduct a "future-oriented analysis" in determining whether "removal *would result* in an exceptional and extremely unusual hardship to the citizen-children") (emphasis in the original).

We lack jurisdiction to review the BIA's discretionary determination that Payan-Morales failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**